# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **LARRY F. ENGLISH and** | : | |
| **LISA ENGLISH,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 7:05-cv-33 (HL) |
| | : | |
| **EDWARD ROBERT OLKO, JR. and** | : | |
| **WAL-MART STORES, INC.,** | : | |
| | : | |
| Defendants. | : | |

_____

## **ORDER**

Plaintiffs, Larry F. English and Lisa English, initially filed this suit in the Superior Court of Lowndes County, Georgia, on March 16, 2005.  In the complaint, Larry English alleged he was injured when his truck was struck in the rear by a semitrailer.  He further alleged that as a result of the collision, he suffered severe and permanent injuries, including injuries to his low back, cervical spine, and left knee.  The injury to his left knee caused him to undergo surgery and, as of the date of the filing of the complaint, he had incurred medical expenses in the amount of $18,280.18, and had suffered loss of income in an amount not specified.  Lisa English alleges that as a result of her husband's accident, she has lost his companionship and services.  In the prayer of the complaint, Plaintiffs seek to recover damages in an amount to be set by a jury.

On April 25, 2005, Defendants, Edward Robert Olko, Jr. and Wal-Mart Stores, Inc., removed the case from the Superior Court of Lowndes County, Georgia, to this Court, alleging jurisdiction based on diversity of citizenship. Defendants alleged in the notice of removal that the amount in controversy, exclusive of interest and costs, "potentially" exceeds the sum of $75,000. As additional facts in support of their claim that damages potentially exceed the sum of $75,000, Defendants' notice of removal states that "[c]ounsel for Plaintiffs has expressly indicated that the value of the case exceeds $75,000.00."

In <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit raised *sua sponte* the issue of subject matter jurisdiction. In <u>Best Buy</u>, the plaintiff tripped and sustained injury at a retail store and sued the store owner in state court. The complaint failed to specify the amount of damages sought. The defendant removed the case to federal court, alleging that the amount in controversy exceeded $75,000, but without alleging any facts in support of the amount in controversy. No challenge to the court's jurisdiction was raised by the plaintiff or the district court; the district court ultimately granted summary judgment for the defendant, which the plaintiff appealed.

On appeal, the Eleventh Circuit declined to consider the merits of the case and, instead, considered "whether the case involved a sufficient amount in controversy to sustain diversity jurisdiction under [28 U.S.C.] §1332." <u>Best Buy</u>, 269 F.3d at 1318. In discussing the obligations of the parties with respect to diversity jurisdiction in a removal setting, the court stated, "A conclusory allegation in the notice of removal that the jurisdictional amount is

satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id. at 1320. Noting that it was "not facially apparent from [plaintiff's] complaint that the amount in controversy exceeds $75,000," and that the record failed to offer conclusive evidence with respect to whether the amount in controversy was satisfied, the appellate court remanded the case to the district court to make factual findings on the amount in controversy. Id. at 1320-21.

In making the decision to remand the case for factual findings on the amount in controversy, the court in Best Buy reiterated that the "burden of proving jurisdiction lies with the removing defendant." Id. at 1319. Implicit in the court's decision is a reminder to district courts that they have an obligation to ensure that the defendant's burden of proving jurisdiction is satisfied, even when the plaintiff chooses not to make an issue of it. With these strictures in mind, the Court has undertaken to review the amount in controversy in this case.

Here, the complaint alleges only that Larry English has incurred medical expenses in the amount of $18,280.18 and that he has suffered some loss of income. The only additional information offered by Defendants in support of removal is the statement that "[c]ounsel for Plaintiffs has expressly indicated that the value of the case exceeds $75,000.00." There is no additional information in the record from which the amount in controversy can be ascertained.

The Court will not consider Defendants' statement that "[c]ounsel for Plaintiffs has expressly indicated that the value of the case exceeds $75,000.00" as evidence of the amount in controversy. Defendants have offered the Court no additional information from which the

Court can determine whether Plaintiffs' counsel's indication of the value of the case represents an honest assessment of Plaintiffs' damages, or whether counsel's statement is "mere posturing." *See generally* Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1365 (M.D. Fla. 1998).

Furthermore, because there are two plaintiffs in this lawsuit, a determination must be made as to whether Defendants are entitled to consider the damages claimed by Plaintiffs in the aggregate, or whether the damages claimed by each Plaintiff must separately satisfy the jurisdictional minimum. As a general rule, "aggregation is permissible to meet the amount-in-controversy requirement where 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds in* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) (quoting Snider v. Harris, 394 U.S. 332, 335 (1969)). However, separate and distinct claims "may not be aggregated to satisfy the jurisdictional requirement." Id. at 1357. In determining whether claims of multiple plaintiffs may be aggregated, a court should consider whether plaintiffs have united for convenience and economy in a single suit but, nevertheless, have separate and distinct demands. *See generally* Zahn v. International Paper Co., 414 U.S. 291, 95 S. Ct. 505 (1973). *See also* Smith v. GTE Corp., 236 F.3d 1292, 1300 n.6 (11th Cir. 2001).

In this case, Plaintiffs' injuries stem from a single incident allegedly caused by the negligence of Defendants and, to that extent, Plaintiffs have a common interest. Plaintiffs'

interest is not undivided, however, as each Plaintiff has separate injuries, resulting in distinct claims for damages: Larry English has a claim for injuries resulting from the accident; Lisa English has a claim for loss of consortium which she may bring independent of Larry English's claim.  *See* Epps v. Hin, 565 S.E.2d 577, 578 (Ga. Ct. App. 2002) (holding that wife's claim for loss of consortium survived even though husband's claim for medical expenses was time-barred).  *See also* O.C.G.A. § 9-3-33 (Michie 1982) (setting out separate limitations period for loss of consortium claims).  Accordingly, the Court finds that Defendants are not entitled to aggregate the Plaintiffs' claims in order to satisfy the jurisdictional requirement.  Rather, in order to meet the jurisdictional prerequisites for this Court, Defendants must show by a preponderance of the evidence that the amount in controversy as to *each* Plaintiff more likely than not exceeds $75,000.  Defendants have failed to meet this burden.

In view of the foregoing, the Court finds that the complaint and notice of removal fail to satisfy Defendant's burden on removal.  In the absence of a more affirmative showing of the underlying facts that support their contentions as to the amount in controversy, this Court finds that Defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 as to each Plaintiff.  Defendant having failed to establish the amount in controversy, there is no federal jurisdiction over this case and the case is hereby remanded to the Superior Court of Lowndes County.

**SO ORDERED**, this the 26th day of April, 2005.

5

                **s/ Hugh Lawson**
                **HUGH LAWSON, JUDGE**

mls